**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-1458**

---

XIN KANG JIANG,

            Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

            Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted:  January 14, 2009        Decided:  February 6, 2009

---

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

David X. Feng, New York, New York, for Petitioner.  Gregory G. Katsas, Assistant Attorney General, Cindy S. Ferrier, Senior Litigation Counsel, Brendan P. Hogan, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xin Kang Jiang, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

Jiang first challenges the determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Jiang fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the denial of Jiang's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Jiang failed to show

2

that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

Accordingly, we deny the petition for review.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] Jiang fails to raise any specific issues regarding the denial of his request for protection under the Convention Against Torture in his brief before this court and has therefore waived appellate review of this claim. See Fed. R. App. P. 28(a)(9)(A) ("[T]he argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) ("Failure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal."); see also Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004).